IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARAH FAYE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-256-E |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 13th day of March, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on February 5, 2018,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9) filed in the above-captioned matter on January 2, 2018,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further consideration and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence six of 42 U.S.C. § 405(g) in light of this Order.

Plaintiff, Sarah Faye Green, filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 et seq., on June 5, 2014, claiming that she became disabled on February 8, 2013, due to degenerative disc disease, herniated discs, and nerve damage in her back. (R. 13, 78). After being denied initially on June 26, 2014, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on December 10,

1

2015. (R. 13, 54-77). At the time, she was represented by previous counsel. In a decision dated February 29, 2016, the ALJ denied Plaintiff's request for benefits. (R. 13-24). On March 21, 2016, Plaintiff retained new counsel. (R. 9). On April 26, 2016, Plaintiff's new counsel filed a request for review of the ALJ's decision, and also asked permission to provide additional medical evidence. (R. 142-43). Although the Appeals Council granted Plaintiff's request to provide additional evidence, and although Plaintiff did provide additional evidence, the Appeals Council declined to review the ALJ's decision on November 27, 2016. (R. 1-5, 10-12). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

Plaintiff raises several arguments as to why she believes that the ALJ erred in finding her to be not disabled. While the Court does not agree with all of the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, because the Court finds that the ALJ, in considering the evidence relevant to Plaintiff's residual functional capacity ("RFC") assessment, failed to supplement the record as necessary under the facts of this particular case, the Court cannot find that the ALJ's decision is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001) (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. § 404.1545(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as

2

feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Among Plaintiff's complaints here is that, despite her various medical treatments, she continues to suffer from debilitating pain in her back and lower extremities. In determining Plaintiff's RFC, the ALJ explained that he found Plaintiff's pain to be not as severe as she alleges, in part because the record documented no treatment—nor did the record document that she had made any complaints regarding her allegedly debilitating symptoms—for a significant span of time during the relevant period. (R. 20). Thus, although the ALJ noted that Plaintiff had a history of alleged lower back pain and lower extremity symptoms, he concluded that the evidence of record did not support a more restrictive RFC. (R. 20). However, upon review of the entire record—including the hearing testimony—the Court finds that, in reaching his conclusions, the ALJ appears to have overlooked certain treatment that Plaintiff testified to having received, further evidence of which should properly have been sought to supplement the record.

Moreover, the ALJ noted this apparent lack of treatment or complaints twice in his decision. First, in discussing Plaintiff's treatment history, the ALJ explained that after April 2014, "the record documents no focused treatment or subjective complaints related to the low back or lower extremities until June 2015." (R. 20). Also, when listing the factors that he found to be relevant in determining Plaintiff's RFC, the ALJ specifically found "the lack of focused

treatment from April 2014 through September 2015" as being "not supportive of a more restrictive residual functional capacity." (R. 20). Clearly, the ALJ's impression that there was an absence of treatment or complaints during this period was an important factor in his decision-making process.

Nevertheless, the Court is struck by the fact that, at the administrative hearing, Plaintiff appears to have attempted to discuss additional treatment that she received. Specifically, Plaintiff explained that she had received not just one, but rather, a number of injections, none of which helped her pain. In his questioning of Plaintiff, however, the ALJ seems to have inadvertently overlooked her testimony about such treatment:

> Q     Okay. And you mentioned that injection, I guess, recently, right?
>
> A     Yes.
>
> Q     Was that your first one?
>
> A     No. That is like eighth or ninth one. It's the first one through --
>
> Q     Okay.
>
> A     --Dr. Thomas --
>
> Q     Okay.
>
> A     -- but I've had previous ones from other doctors.
>
> Q     Okay. Well, this first -- let's talk about this first one. Did this one seem to help at all?
>
> A     It did. On Tuesday, I felt wonderful. I had no, I had no symptoms of like bothering my legs or anything. And then, yesterday, I got a pinch in my hip; and then, today, like the lightning pain came back in my leg.
>
> Q     What about the injections you had previously? Did those seem to help?
>
> A     No. Those made me worse than what I was before.

> Q      Okay. Anything else, like any medications?

(R. 62)

Thus, although Plaintiff referred to her prior treatment and explained that she had had numerous injections, the ALJ inquired only about her most recent injection. After discussing that single injection, the ALJ did not then return to questioning Plaintiff about her prior injections, other than to elicit testimony that such treatment had made her condition worse. The Court notes that the ALJ appears not to have realized the extent of the evidence that Plaintiff was trying to communicate to him—namely, that she had in fact received other significant treatment (which included injections) prior to her most recent injection from Dr. Thomas. Moreover, what is most problematic here is that the treatment that Plaintiff referred to in her testimony appears to include the very treatment that the ALJ described in his decision—twice—as being remarkably absent. (R. 20).

Nevertheless, clearly without meaning to do so, the ALJ derailed Plaintiff's explanation of her prior treatment—treatment which the ALJ then apparently never realized Plaintiff had received. Had the ALJ questioned Plaintiff about all of the treatment she referred to in her testimony, he likely would have learned that she had indeed received additional treatment, documentation of which was conspicuously absent from the record. Further, had the ALJ understood that documentation for such treatment was in fact missing, he likely would have sought to supplement the record since an ALJ has a duty to develop the record sufficiently in order to make a disability determination. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); 20 C.F.R. § 404.1512(d).

Furthermore, Plaintiff submitted additional records concerning her medical treatment to the Appeals Council. Those records support Plaintiff's testimony that she had received multiple

injections that had not worked, and that such treatment had been administered during the time period of concern to the ALJ.  The supplemental evidence that Plaintiff submitted includes, among other things, additional medical records from Joseph M. Thomas, M.D. from December 8, 2015, and medical records from Erie Spine and Pain Management and Jithendra Rai, M.D. from April 16, 2014 to January 27, 2015.  (R. 29-53).  Given Plaintiff's apparent good faith effort to explain herself at her hearing and the ALJ's clearly inadvertent failure to realize the full import of Plaintiff's testimony regarding her prior treatment—and his subsequent failure to supplement the record accordingly—the Court finds remand to be appropriate under the unique and unusual circumstances of this particular case.[1]  See, e.g., Welsh v. Colvin, No. 13-736, 2014 WL 2214221, at *2 (May 28, 2014) (finding remand to be appropriate so that missing medical records could be submitted and considered because medical records are highly important for an ALJ to consider in making a disability determination, especially when an ALJ made findings based on what was not in the record).

Therefore, the Court finds that, because the record was not properly supplemented with Plaintiff's treatment records, the ALJ's discussion and evaluation of Plaintiff's alleged back and lower extremity pain and her treatment for such pain, which is relevant to the ALJ's RFC determination, is insufficient in this case.  The Court also finds that the ALJ's explanation calls into question the appropriateness of his RFC finding, and the RFC formulated by the ALJ is therefore not supported by substantial evidence.  While the ALJ is certainly permitted to find Plaintiff's pain to be less severe than alleged, the Court finds that the ALJ's justification for such conclusion is simply insufficient here.  Thus, remand is required to allow for further consideration of Plaintiff's treatment and complaints, including records relevant to Plaintiff's

---

[1] The Court notes that it is unclear why Plaintiff's previous counsel, who represented her at the time of her hearing, failed to produce these records sooner.  Nevertheless, as explained supra, the ALJ had a duty to supplement the record in this instance.

6

treatment from April 2014 through 2015, along with further discussion as to the ALJ's evaluation of the evidence in this regard and his ultimate formulation of Plaintiff's RFC.

Additionally, although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record. Further, the ALJ should verify that his conclusions concerning Plaintiff's RFC—as well as his findings regarding the credibility of all of Plaintiff's symptoms—are fully explained, in order to eliminate the need for any future remand.

## V. Conclusion

In short, because the ALJ failed to supplement the record properly in this case, the Court finds that substantial evidence does not support the ALJ's RFC determination, and his ultimate decision, in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States District Judge

ecf:    Counsel of record